IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MINDY BARKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-24-734-ALM |
| ) | |
| **FRANK BISIGNANO,** ) | |
| **Commissioner of Social Security,**[1] ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Mindy Barker ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. (Doc. 1). The Commissioner filed the Administrative Record ("AR") (Doc. 3), and the parties have fully briefed the issues. (Docs. 11, 20).[2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 15, 16). Based on the Court's review of the record and issue presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Frank Bisignano was sworn in as the Commissioner of the Social Security Administration on May 7, 2025, and is therefore substituted as Defendant in this matter, pursuant to Federal Rule of Civil Procedure 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.      **The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see id.* §§ 404.1502(a), 404.1513(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment

or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if [he or she] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023 (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax v. Astrue*, 489 F.3d 1080,

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

1084 (10th Cir. 2007) (defining substantial evidence as "more than a scintilla, but less than a preponderance"). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002). But "an agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli*, 84 F.4th at 905.

## II.     Procedural History

Plaintiff filed an application for DIB on July 8, 2022, alleging a disability onset date of September 25, 2021. (AR, at 68, 79, 213). The SSA denied the application initially and on reconsideration. (*Id*. at 88-92, 99-103). Then an administrative hearing was held on October 12, 2023. (*Id*. at 38-67). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 10-25). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

### III.   The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 25, 2021, the alleged onset date. (AR, at 13). At Step Two, the ALJ determined Plaintiff had the following severe impairments: headaches, somatic symptom disorder, and anxiety disorder. (*Id.*) At Step Three, the ALJ found Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.*) The ALJ then determined Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] is limited to just occasional climbing of stairs and ramps, however is unable to climb ladders or scaffolding. She is limited to just occasional balancing, stooping, kneeling, crouching, and crawling, and would need to avoid unprotected heights and dangerous moving machinery. [Plaintiff] is capable of understanding, remembering, and applying simple multistep instructions, make simple work-related decisions, and concentrate and persist for extended periods in order to complete simple multistep work tasks with routine supervision. [Plaintiff] is capable of interacting with and responding appropriately to others in a routine work setting, incidental to the work being performed and on an occasional basis, however, she would need to avoid work-related interaction with the general public. [Plaintiff] is capable of adapting to a routine work setting where changes are infrequent, well-explained, and introduced gradually. [Plaintiff] is capable of recognizing and avoiding normal workplace hazards. [Plaintiff] would need to avoid concentrated exposure to dust, fumes, odors, and poorly ventilated areas, and is limited to frequent but not constant handling and fingering bilaterally. [Plaintiff] may require the use of a cane on an occasional basis while ambulating outdoors or on uneven surfaces for safe ambulation.

(*Id.* at 15-16).  Then, at Step Four, the ALJ found Plaintiff could not perform her past relevant work as a certified nurse assistant. (*Id.* at 24). Finally, at Step Five, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, including inspector and hand packager, marker, and electrical accessory

assembler. (*Id.* at 24-25). Thus, the ALJ found that Plaintiff had not been under a disability from September 25, 2021, through the date of the decision. (*Id*. at 25).

### IV.     Claim Presented for Judicial Review

Plaintiff contends the ALJ improperly analyzed her treating neurologist's opinion that she was limited to "desk duty/sedentary duty." (Doc. 11, at 6-13). The Commissioner disagrees, arguing Plaintiff took the doctor's statement out of context. (Doc. 20, at 5-11). As set forth fully below, the Court finds the ALJ did not err in considering the opinion.

### V.    The ALJ Did Not Err by Finding Dr. Pitman's Opinion Was a Statement on an Issue Reserved to the Commissioner.

Dr. Gabriel Pitman completed a Physician's Report on Release and Restrictions for the Oklahoma Workers' Compensation Commission on February 10, 2022, in which he described Plaintiff's limitations as follows: "desk duty/sedentary duty 4 hours only/day[.] If not available [temporary total disability]." (AR, at 761). The ALJ addressed Dr. Pittman's finding as follows:

> A worker's compensation report also indicated that if [Plaintiff] could be accommodated at work, she would be limited to desk/sedentary duty for four hours only. Such a finding/statement limits [Plaintiff] to less than full-time, competitive work. Such a finding is reserved to the Commissioner. As such, this finding/statement is also neither inherently valuable nor persuasive and is somewhat inconsistent with [Plaintiff's] recent work history as outline[d] herein.

(*Id.* at 22) (internal citation omitted). Plaintiff argues the ALJ improperly found the entirety of Dr. Gabriel Pitman's opinion to be a finding reserved to the Commissioner. The undersigned disagrees.

6

Plaintiff's argument is based on the premise that the restrictions identified by Dr. Pitman amount to three separate statements – one regarding "desk duty/sedentary duty," a second limiting Plaintiff to four hours of work per day, and a third regarding temporary total disability.  (Doc. 11, at 9).  While she does not challenge the ALJ's analysis as to the second and third statement, she asserts the ALJ could not disregard the statement about desk or sedentary duty as being an issue reserved to the Commissioner.  (*Id.*)  Instead, she argues the statement should have been considered separately as a medical opinion under the framework of 20 C.F.R. § 404.1520c – which requires making a finding on the supportability and consistency of the opinion.  (Doc. 11, at 12).

In support of this argument, Plaintiff argues that "in promulgating § 404.1520b, the drafters stated that ALJs 'will not consider an entire document to be a statement on an issue to the Commissioner simply because the document contains a statement on an issue that is reserved to the Commissioner.'"  (*Id.* at 10) (quoting 82 Fed. Reg. 5851).  She asserts that is what the ALJ did here and argues it amounts to "impermissible cherry-picking."  (*Id.*)

The undersigned does not find any error.  First, Plaintiff concedes that Dr. Pitman's finding that Plaintiff cannot work more than four hours a day "possibly qualifies as a statement reserved for the Commissioner" and does not contest the ALJ's consideration of that statement.  (Doc. 11, at 7) (citing Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1).  And Dr. Pitman's contingent finding of temporary total disability is "a nonmedical opinion on whether Plaintiff would be able to return to work, which is an issue reserved to the Commissioner."  *Wraspir v. Colvin*, No. CIV-14-0409-F, 2015 WL

5822048, at *10 (W.D. Okla. Oct. 5, 2015); *see also Figures-Yarbrough v. Berryhill*, 2017 WL 1362686, at *2 (N.D. Okla. Apr. 11, 2017).

Dr. Pitman's statement is reasonably read as a single, complete thought regarding the issue of temporary total disability: if Plaintiff cannot find work at four hours per day with desk/sedentary duties, she will be considered to be eligible for temporary total disability under Oklahoma workers' compensation law. Because multiple aspects of the statement are on issues reserved to the Commissioner, the ALJ did not err in considering the entire statement to be an issue reserved to the Commissioner. "[C]ommon sense, not technical perfection" guides the Court's analysis. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

Even if the statement can be severed, the undersigned finds a limitation to "desk duty" is so vague as not to require analysis as a medical opinion. Vague statements do not require analysis as a medical opinion. *See Kaylynn L. B. v. O'Malley*, 2024 WL 964441, at *5 (N.D. Okla. Mar. 6, 2024) ("Dr. Cooper's statement is simply too vague and too unmoored from work activities for this Court to find it meets the definition of a medical opinion."). And the finding that a claimant is limited to sedentary duty is an issue reserved to the Commissioner. *See Bodnar v. Astrue*, 2012 WL 884927, at *4 (D. Kan. Mar. 14, 2012) ("[T]he opinion that Plaintiff is limited to sedentary work is an opinion regarding RFC – an issue reserved to the Commissioner – and is not strictly speaking a 'medical opinion' as that term is defined in the regulations.").

For the reasons stated above, Plaintiff's argument is without merit.

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 11th day of July, 2025.

_____
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE